## In re WELCH.

Court of Appeals of District of Columbia.
Submitted January 14, 1929. Decided February 4, 1929.

No. 2099.

Charles A. Brown, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from the decision of the Board of Appeals affirming the action of the examiner in refusing to allow claims 1 and 6, inclusive, and 11, 12, 19, and 21, of the claims of appellant's application.

Claims 1, 19, and 21 are illustrative, and read as follows:

"1. The method of charging the air trap

of a pneumatic depth indicating system with air to establish a desired datum level which comprises, creating a flow of liquid from a point above the level of the liquid, the depth of which is to be measured, which flow is discharged into the portion of the liquid sealing the air space of the air trap, introducing air into said flowing liquid, the air separating out from the flow of liquid when the latter is discharged into the air trap thereby expelling the liquid from the trap down to the predetermined datum level."

"19. In combination, a main tank for liquid, an air trap having communication with said tank at the full depth of liquid to be measured and having its air space sealed by a portion of the said liquid, an indicator for indicating the depth of liquid in the tank, said indicator being actuated by the air pressure in the air trap, a high level tank for liquid, a pipe leading from the bottom of said second tank downward to the liquid seal for said trap, and an air injector associated with said pipe for introducing air into the liquid flowing through said pipe, said air injector being disposed within said second tank."

"21. In combination, a main tank for liquid the depth of which is to be indicated, a high level tank, a pressure actuated indicating system having an air trap communicating with the liquid in the tank at the full depth to be indicated, a pipe providing communication between the lower parts of the two tanks, and an air injector for said pipe, said injector communicating with the upper end of the second tank."

The invention relates particularly to a means for accurately indicating on the dashboard of an automobile the depth of the gasoline in the storage tank, thereby showing the quantity in the tank. It consists of an air trap secured to the bottom of the fuel tank providing an air space in which the air is compressed by the weight of the gasoline in the tank. A nipple provides communication between the gasoline in the tank with that in the bottom of the air trap. The resulting pressure of the air in the air trap is communicated through a tube to the pressure indicator upon the dashboard; the scale on the dial being graduated to the pressure per gallon of gasoline in the tank. Air injecting means are provided for supplying air to the chamber or air trap, to compensate for air which is absorbed by the gasoline or otherwise lost. The vacuum tank, which is now in general use, periodically withdraws gasoline from the fuel tank to supply the demands of the engine, and when it is vented to the atmosphere in the usual manner, the

gasoline in the feed line returns by gravity to the fuel tank. A liquid trap connected with the vacuum tank, and located between it and the storage tank, is equipped with a small pipe with its upper end adjacent to the top of the trap and its lower end projecting into the feed pipe a short distance. When the gasoline begins to return, the upper end of the pipe becomes exposed to the atmosphere, and the gasoline flowing past its lower end produces an aspiring effect which sucks air through the tube. This air is entrained in the returning gasoline which carries it to the trap where it rises into the air space of the trap replacing any lost air and displacing excess gasoline from the air space in order to maintain a datum level there. Excess air escapes by rising from the trap into the tank.

The references which are chiefly relied upon by the board are: Baloche, 317074, May 5, 1885. Frey, Reissue, 16407, August 24, 1926.

We think that the references fail to show an anticipation of appellant's device.

The patent to Baloche is directed to a hydraulic siphon-motor for conducting liquid from a higher to a lower level having an air injector pipe for injecting a certain amount of air into the liquid at a point where its pressure is less than atmosphere, which air is carried along intermingled with the liquid to produce a suction at the air-introducing pipe so long as the liquid is flowing through the siphon. The air thus brought down by aspiration is led into a pipe, and its pressure is used to drive machinery or for other purposes.

The Frey device discloses a general system similar to appellant's, but it has no disclosure of any means for supplying air to the air trap by a backward flow of the gasoline. For replenishing the air supply he has provided a tube and a mouthpiece for blowing air into the system. In other words, with Frey's system, the operator of a motorcar, each time he wants to take a reading of the gasoline level, must blow his breath down through a tube into the air trap to expel the excess gasoline down to the mouth of the air chamber. Such an operation is practically impossible, and Frey's device, it is said, never went into commercial use. So far as appears, the same is true of Baloche's patent.

It is plain that neither Baloche nor Frey, if taken alone, can be said to anticipate appellant's device; and we think it clear that, taken together, they do not combine to make an operative device. On the other hand, appellant's device discloses a new combination

of elements effectively designed to perform a serviceable function in a practical and important art, and shows actual invention.

The decision of the Board of Appeals is reversed as to all of the claims upon appeal, to wit, claims 1 and 6, inclusive, and 11, 12, 19, and 21.

Reversed.